# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40477
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID CHARLES BRIMER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-771-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

David Charles Brimer appeals the sentence imposed following his guilty plea conviction of (1) conspiracy to transport undocumented aliens within the United States and (2) transporting and attempting to transport undocumented aliens for financial gain. He argues that the district court erroneously applied U.S.S.G. § 2L1.1(b)(6) to enhance his sentence. We disagree and affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40477

We review the district court's application of § 2L1.1(b)(6) de novo. *United States v. Maldonado-Ochoa*, 844 F.3d 534, 536 (5th Cir. 2016). And we apply a deferential clear-error standard of review to the district court's factual findings supporting the adjustment. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). Because Brimer had an offense level of 14 without the enhancement, § 2L1.1(b)(6) called for his offense level to be increased to 18 if the transporting offense involved "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." § 2L1.1(b)(6). The focus of the inquiry is "whether the defendant's conduct posed inherently dangerous risks to the aliens being transported." *United States v. Ruiz-Hernandez*, 890 F.3d 202, 212 (5th Cir.) (internal quotation marks, citation, and alteration omitted), *cert. denied*, 139 S. Ct. 278 (2018).

The evidence here indicates that it was 96 degrees Fahrenheit outside, and the aliens were in the cargo compartment of a van with no means to circulate the air. Further, it indicates that they were seated on the floor of the van amongst work-related tools and materials in an area where tools hung from the walls. Therefore, the district court did not clearly err in finding that the aliens were subjected to extreme temperature and were placed in danger from falling and flying tools in the case of an accident. *Rodriguez*, 630 F.3d at 380. These findings support the determination that the aliens in this case were transported in a way that posed inherently dangerous risks of death or serious bodily injury. *See Ruiz-Hernandez*, 890 F.3d at 212.

Brimer argues, for the first time on appeal, that there was no evidence to show that he knew that the aliens were in the back of his van or that they were in a dangerous situation. Without such evidence, he argues, the Government did not meet its burden to establish that his conduct created any intentional or reckless risk to the safety of the aliens. We review this argument

2

only for plain error.  *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 315 (5th Cir. 2013).  Unlike the case to which Brimer analogizes, *United States v. Balderas-Gonzalez*, 264 F. App'x 415, 418 (5th Cir. 2008), the aliens in this case were not secreted in an enclosed compartment such that Brimer would not have been aware of their presence.  In fact, Brimer argued strenuously at sentencing that the aliens were separated from him only by a perforated partition and that they could communicate with him easily because they were right behind him.  He points to nothing in the record indicating that he was not aware of their presence, as was the case in *Balderas-Gonzalez, id*.  On this record, the district court did not clearly or obviously err by implicitly finding that Brimer was aware that the aliens were in the cargo compartment of his van and that he knew of the dangerous conditions.  As such, Brimer cannot show plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

There are sufficient facts here to support the district court's application of § 2L1.1(b)(6) to enhance Brimer's sentence.  Accordingly, the judgment of the district court is AFFIRMED.